### CARLEY v. MATTHES.

(Court of Appeals of District of Columbia. Submitted May 13, 1925. Decided June 1, 1925.)

No. 1751.

Patents ⟜141—Application for reissue may not be enlarged to include independent work of later inventor, so as to entitle original patentee to priority.

Patentee may not, after seeing work of later inventor, by application for reissue, enlarge his original conception and disclosure, so as to include independent work of such inventor, and entitle him to finding of priority.

Appeal from Commissioner of Patents.

Interference proceeding between William James Carley and Samuel S. Matthes. From a decision of the Commissioner of Patents that Carley had no right to make the claims of the issue, and awarding priority to Matthes, Carley appeals. Affirmed.

F. B. Fox, of Philadelphia, Pa., for appellant.

C. M. Nissen and A. J. Crane, both of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding sustaining the contention of the party Matthes that the party Carley has no right to make the claims of the issue, and awarding priority to Matthes.

The invention is simple and relates to wire clamps for supporting trolley wires. The single count of the issue reads as follows:

"A wire clamp, comprising a supporting member, means to secure the member to a support or hanger, clamping means to engage and support a conductor and having a pivotal engagement with the supporting member, a collar movable relatively to the supporting member, and clamping means when rotated relatively thereto to move the collar into and out of engagement with the clamping means to operate the clamping means, means on the clamping means to engage the collar to prevent the disengagement of the clamping means, means interposed between the collar and supporting member after assembly of the above parts to maintain the parts against separation."

After the patent to Matthes had issued, Carley filed an application for the reissue of his patent No. 1,382,620, inserting in the reissue application the claim of the issue. The Examiners in Chief and the Assistant Commissioner, in separate decisions, have successively held that there was no basis in the original patent to Carley for this claim. Both the specification and drawing of the reissue application materially differ from the original specification and drawing. In other words, this clearly is an attempt through a reissue application to enlarge the original conception and disclosure, so as to include the independent work of a later inventor. This may not be done. Chicago & N. W. R. Co. v. Sayles, 97 U. S. 554, 24 L. Ed. 1053;

Cooper v. Downing, 45 App. D. C. 345; Moneyweight Scale Co. v. Toledo Computing Scale Co., 187 F. 826, 109 C. C. A. 586. It is not what a reissue applicant may claim to have invented, after seeing the work of a later inventor, but what he has described and disclosed in his original application. Schmidt v. Clark, 32 App. D. C. 290.

For the reasons fully stated by the Board and the Assistant Commissioner, we affirm the decision.

Affirmed.